1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                               EASTERN DISTRICT OF CALIFORNIA

10
RUBEN ROSSEL,                          )        1:10-CV-00174 OWW GSA HC
11                                     )
                    Petitioner,        )
12                                     )        FINDINGS AND RECOMMENDATION
         v.                            )        REGARDING RESPONDENT'S MOTION
13                                     )        TO DISMISS
                                       )
14    JOHN MARSHAL, Warden,            )        [Doc. #14]
                                       )
15                  Respondent.        )
                                       )
16    _____)

17          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18    pursuant to 28 U.S.C. § 2254.

19                               **BACKGROUND**[1]

20          Petitioner is currently in the custody of the California Department of Corrections pursuant to

21    a judgment of the Superior Court of California, County of Kings, following his conviction by plea of

22    guilty on October 25, 2002, to receiving stolen property (Cal. Penal Code § 496).  On November 25,

23    2002, Petitioner was sentenced to serve an indeterminate term of 25 years to life in state prison.

24          Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate

25    District. On September 16, 2003, the appellate court affirmed the judgment.  Petitioner did not seek

26    review in the California Supreme Court.  He also did not file any state post-conviction collateral

27

28          _____
                [1]This information is derived from the documents lodged by Respondent with his response.

1    challenges.

2         On January 11, 2010[2], Petitioner filed a federal petition for writ of habeas corpus in this

3    Court.  On June 17, 2010, Respondent filed a motion to dismiss the petition as being filed outside the

4    one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) and for failure to exhaust state

5    remedies.  Petitioner filed an opposition on August 12, 2010.  Respondent did not file a reply.

6                                         **DISCUSSION**

7    A.  Procedural Grounds for Motion to Dismiss

8         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

9    petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

10   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

11        The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if

12   the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

13   state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

14   4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

15   F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

16   state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

17   Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court

18   should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

19        In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s

20   one-year limitations period and for failure to exhaust state remedies.  Accordingly, the Court will

21   review Respondent's motion to dismiss pursuant to its authority under Rule 4.

22   B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

23        On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

24   1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of

25   habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

26

27        [2]Although the petition was filed in this Court on February 1, 2010, it contains a proof of service dated January 11,
28   2010.  Pursuant to the mailbox rule, the Court will deem the petition filed on January 11, 2010, the date Petitioner presumably
     handed his petition to prison authorities for filing. Houston v. Lack, 487 U.S. 266, 276 (1988).

1   2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct.

2   586 (1997).

3          In this case, the petition was filed on January 11, 2010, and therefore, it is subject to the

4   provisions of the AEDPA.  The AEDPA imposes a one-year limitations period on petitioners seeking

5   to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244,

6   subdivision (d) reads:

7          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
       corpus by a person in custody pursuant to the judgment of a State court.  The
8       limitation period shall run from the latest of –

9          (A) the date on which the judgment became final by the conclusion of direct
       review or the expiration of the time for seeking such review;
10

11         (B) the date on which the impediment to filing an application created by
       State action in violation of the Constitution or laws of the United States is removed, if
       the applicant was prevented from filing by such State action;
12
       (C) the date on which the constitutional right asserted was initially recognized by
13      the Supreme Court, if the right has been newly recognized by the Supreme Court and made
       retroactively applicable to cases on collateral review; or
14
       (D) the date on which the factual predicate of the claim or claims presented
15      could have been discovered through the exercise of due diligence.

16         (2) The time during which a properly filed application for State post-conviction or
       other collateral review with respect to the pertinent judgment or claim is pending shall
17      not be counted toward any period of limitation under this subsection.

18  28 U.S.C. § 2244(d).

19         In most cases, the limitations period begins running on the date that the petitioner's direct

20  review became final.  In this case, the appellate court affirmed judgment on September 16, 2003.

21  Petitioner did not seek review in the California Supreme Court.  Thus, direct review concluded on

22  October 26, 2003, when the forty (40) day period for seeking review in the California Supreme Court

23  expired. Cal. Rules of Court, rules 24 and 28.  The statute of limitations commenced on the

24  following day, October 27, 2003, and expired one year later on October 26, 2004. <u>Patterson v.

25  Stewart</u>, 251 F.3d 1243, 1246 (9th Cir.2001). Here, Petitioner delayed filing the instant petition until

26  January 11, 2010, exceeding the due date by almost six years.  Absent any applicable tolling, the

27  instant petition is barred by the statute of limitations.

28  <u>C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

1    Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

2 for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

3 pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In

4 Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is

5 properly pursuing post-conviction relief, and the period is tolled during the intervals between one

6 state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the

7 state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.

8 1999), *cert. denied,* 120 S.Ct. 1846 (2000).

9    As previously stated, the statute of limitations began to run on October 27, 2003, and expired

10 on October 26, 2004.  Petitioner did not file any post-conviction applications for collateral relief in

11 the state courts in that time frame. Accordingly, he is not entitled to statutory tolling, and the federal

12 petition remains untimely.

13 D.  Exhaustion

14    A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

15 petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

16 exhaustion doctrine is based on comity to the state court and gives the state court the initial

17 opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

18 U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

19 1163 (9th Cir. 1988).

20    A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

21 full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.

22 Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal

23 court will find that the highest state court was given a full and fair opportunity to hear a claim if the

24 petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v.

25 Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual

26 basis).

27    In this case, Petitioner has not presented any of his claims to the California Supreme Court.

28 Respondent correctly argues that the petition is unexhausted and must be dismissed.  28 U.S.C. §

1  2254(b)(1).

2  **RECOMMENDATION**

3  Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be

4  GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to

5  comply with 28 U.S.C. § 2244(d)'s one year limitation period and for failure to exhaust state

6  remedies.

7  This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

8  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

9  304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

10  Within thirty (30) days after date of service of this Findings and Recommendation, any party may

11  file written objections with the Court and serve a copy on all parties.  Such a document should be

12  captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

13  Objections shall be served and filed within fourteen (14) days after service of the Objections.  The

14  Finding and Recommendation will then be submitted to the District Court for review of the

15  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure

16  to file objections within the specified time may waive the right to appeal the Order of the District

17  Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18

19  IT IS SO ORDERED.

20  **Dated:   August 30, 2010**          **/s/ Gary S. Austin**

21  UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28